NO. 07-01-0384-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2002
_____

LAWRENCE HIGGINS, aka LAWRENCE RIGGINS,
aka DALTON ROSSI,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 347TH DISTRICT COURT OF RANDALL COUNTY;

NO. 13,352-A; HON. DAVID GLEASON, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Lawrence Higgins, aka Lawrence Riggins, aka Dalton Rossi (appellant) appeals his conviction for murder. Via four points of error, he contends that the trial court erred in 1) excluding specific, pertinent character evidence of the victim, 2) *sua sponte* ruling on the exclusion of the aforementioned specific, pertinent character evidence, 3) omitting the full definition of causation (including concurrent causation) as contained in §6.04(a) of the Texas Penal Code, and 4) admitting into evidence a custodial, recorded statement

because "promise(s) were made by agents of the State to obtain the 'confessions.'" We affirm.

### *Points One and Two*

Regarding points one and two, appellant believes that he was entitled to present evidence of specific character traits of the victim and that the trial court erred in *sua sponte* excluding same. We overrule the objections for several reasons.

First, appellant never objected below to the trial court's actions or decisions. Nor did he present any of the grounds underlying his current arguments to the trial court. Thus, his complaints were not preserved. TEX. R. APP. P. 33.1(a); *Holberg v. State*, 38 S.W.3d 137, 140 (Tex. Crim. App. 2000), *cert. denied*, 151 L.Ed.2d 298, 122 S.Ct. 394 (2001) (holding that by not objecting to the trial court appellant forfeited his right to complain on appeal).

Second, the exchange upon which appellant based his complaints was initiated by appellant. That is, he knew that the trial court granted those aspects of the State's motion in limine pertaining to evidence of specific instances of sexual misconduct by the victim. So too did he realize that the line of questioning he intended to pursue could have encroached into that area. So, he asked the court to address the situation before he began. Furthermore, upon the trial court making the decision about which he complains, *i.e.* refusing to allow evidence of specific instances of misconduct, counsel for appellant responded "okay," "I just wanted to clarify that," and "I just felt like we should address some issues at this point." From this, we see that the trial court did not act *sua sponte* but at the invitation of appellant, and to that extent the court accepted the invitation, appellant cannot

2

complain. *See Hill v. State*, 913 S.W.2d 581, 597-98 (Tex. Crim. App. 1996) (one cannot complain about error he invites).

### *Point Three*

Next, appellant contends that the trial court erred in failing to charge the jury on causation as that term is defined in §6.04(a) of the Texas Penal Code.[1]  That is, he believes that the trial court should have instructed the jury on concurrent causation.  We overrule the point for several reasons.

First, while appellant objected to that portion of the charge defining causation, he said nothing about being entitled to an instruction on concurrent causation.  Instead, he merely uttered that the reference to causation by "the way it has been worded or the way it reads, it tends to lend an air of preponderance of the evidence or a civil duty rather than reasonable doubt [and he] . . . would object to that."  So too did he say that he felt "like it adds something to the [c]harge that isn't in the criminal element [sic]."  Furthermore, appellant likens, in his brief, concurrent causation to a defensive issue.  *See Roberts v. State*, 923 S.W.2d 141, 146 (Tex. App.–Texarkana 1996, pet. ref'd) (discussing concurrent causation within the framework of a defensive issue); *Hutcheson v. State*, 899 S.W.2d 39, 42 (Tex. App.–Amarillo 1995, pet. ref'd) (wherein this court discussed concurrent causation within the framework of a defensive issue).  The issue being defensive in nature, he was obligated to request that the court instruct the jury on it before he could complain of its omission on appeal.  *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)

---

[1]Section 6.04(a) of the Penal Codes states: "[a] person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

3

(holding that complaints regarding the omission from the jury charge of defensive issues must be preserved by request or objection).

Second, assuming *arguendo* that appellant had preserved his complaint, we note that one is not entitled to an instruction on concurrent causation unless there exists evidence that the concurrent cause was clearly sufficient to produce the result and the conduct of the appellant was clearly insufficient. *Hutcheson v. State*, 899 S.W.2d at 42. Here, appellant cites us to nothing of record illustrating some act or injury committed by someone other than himself was clearly sufficient to produce the death of his victim. At best, we are cited to evidence which simply suggests that the location of the victim's ex-roommate named Collerd was unknown for several hours on the night the victim died, Collerd acted strangely on that night, and Collerd's fingerprints were found at the abode where he once lived and in which victim was killed. Yet, nowhere are we told by appellant of any specific physical act committed or injury inflicted by Collerd upon the victim. Thus, appellant failed to illustrate that some other yet concurrent cause was clearly sufficient to produced the victim's death. And, having failed to illustrate that, he also failed to establish his entitlement to the instruction.

### *Point Four*

Finally, appellant contends that the trial court erred in denying his motion to suppress his confession because it was involuntary. The confession was allegedly involuntary because it was obtained through improper inducement. That purported inducement consisted of giving appellant one or more cigarettes in exchange for his confession and threatening him with the death penalty if he did not "talk." We overrule the point.

4

Whether the trial court erred in refusing to suppress a confession depends upon whether it abused its discretion. *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). And, we will not disturb the ruling if supported by the record. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 830, 130 L.Ed.2d 51, 115 S.Ct. 103 (1994). Furthermore, the trial court is the sole factfinder at the hearing. *Id.* This entitles it to judge the weight and credibility of the witnesses and their testimony and accept or reject all or any part of the testimony of any witness, including those of the State or the defense. *Snow v. State*, 721 S.W.2d 943, 946 (Tex. App.--Houston [1st Dist.] 1986, no pet.). So, we must defer to its resolution of pivotal factual disputes.

Next, a suspect's statement may be used against him when it is freely and voluntarily made without compulsion or persuasion. TEX. CRIM. PROC. CODE ANN. § 38.21 (Vernon Supp. 2002); *Campos v. State*, 977 S.W.2d 458, 464 (Tex. App.--Waco 1998, no pet.). Furthermore, the determination of whether a statement is voluntary must be based on an examination of the totality of the circumstances surrounding its acquisition. *Bordman v. State*, 56 S.W.3d 63, 69 (Tex. App.–Houston [14th Dist.] 2001, no pet.).

Finally, statements induced by promises of a certain kind may render the statement involuntary and inadmissible. Yet, to be within that kind, the promise must be 1) of some benefit to the defendant, 2) positive, 3) made or sanctioned by a person in authority, and 4) of such an influential nature as to be likely to influence the defendant to speak untruthfully. *Creager v. State,* 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). With this said, we turn to the allegations before us.

5

We address first the matter of threatening the appellant with the death penalty unless he spoke. This particular ground was never mentioned below. Indeed, both in his motion to suppress and at the suppression hearing, appellant merely alluded to the temptation of a cigarette as improper inducement. Given that it went unmentioned below, it cannot be the basis for a reversal on appeal. *See Holberg v. State*, 38 S.W.3d at 140.

As to the matter of a cigarette, we note that the record contains evidence evincing an offer on behalf of appellant to tell the truth if he were given a cigarette. However, one of the officers interrogating appellant testified at the suppression hearing that the offer was rejected because he "did not want to give [appellant] a cigarette." And, though another officer subsequently obtained cigarettes and both officers allowed appellant to smoke them, this occurred *after* appellant confessed to striking his victim on the head with weight lifting equipment. This created a disputed issue of fact regarding whether any promise was made which could have induced appellant to confess. Simply put, one cannot be induced by a promise that was never made. And, as evinced by the findings of fact it subsequently executed, the trial court accepted the testimony of the officers as truthful and determined that the supposed proposition uttered by appellant was rejected. The proposition having been rejected overtly by the officers, it could not serve as inducement for any confession by appellant. Thus, evidence of record supports the trial court's decision, and it cannot be considered an abuse of discretion.

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

6